JUDGE KARAS

08 CV 01813 (KMK)

ECF CASE

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - X

Aquasmart Technologies, Inc.,                    :

            Plaintiff,                    :

   v.                    :

Aquasmart, Inc.                    :

            Defendant                    :

- - - - - - - - - - - - - - - - - - - - - - - - X

Civil Action No.

COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR
COMPETITION, AND FALSE
ADVERTISING

DEMAND FOR JURY TRIAL

*RECEIVED FEB 2 2 2008 U.S.D.C. S.D.N.Y. CASHIERS*

## I. INTRODUCTION

1.    Plaintiff Aquasmart Technologies, Inc. ("Aquasmart"), by and through its undersigned attorneys, brings this Complaint against Defendant Aquasmart, Inc. ("Defendant" or "ASI") for trademark infringement, false designation of origin, false advertising, and unfair competition, in support of which Plaintiff alleges as follows:

2.    Aquasmart brings this action for injunctive relief and for damages suffered as a result of Defendant ASI's unauthorized use of the mark AQUASMART to rent and sell water purification products, despite Aquasmart's long-standing federal registration and use of the trademark AQUASMART for water filters, purifiers, and related goods in the United States.

3. After receiving a misguided complaint from a disgruntled ASI customer, Plaintiff Aquasmart, through its attorneys, sent Defendant ASI a "cease and desist" letter in May 2006 notifying ASI of Aquasmart's objections to the use of its trademarks. Despite Aquasmart's repeated requests that ASI cease use of Aquasmart's trademarks, ASI continues to promote its services and products using the AQUASMART marks.

4. Plaintiff accordingly seeks relief from this Court, including an accounting, damages, recovery of its costs and attorneys' fees, and a preliminary and permanent injunction enjoining Defendants from using Plaintiff's trademarks for commercial purposes, and from misleading the public through the misuse of Plaintiff's trademarks.

## II. PARTIES

5. Aquasmart Technologies, Inc. is a Canadian corporation with its principal place of business at 3122 Beta Avenue, Burnaby, British Columbia, V5G 4K4 Canada. Plaintiff is engaged in the business of providing products for water filtration, conservation, and purification. Plaintiff serves a broad variety of residential customers, some of which are located in this District. Plaintiff has a strong online presence at www.aquasmart.com.

5. Upon information and belief, Defendant Aquasmart, Inc. is an unincorporated entity with its principal place of business at 106 Purdy Avenue, Port Chester, New York 10573. Upon information and belief, Defendant is engaged in the business of providing water purifying units, including water coolers, water cooler rentals, and replacement filters for water purifying units.

### III. JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction:  (i) pursuant to Section 39 of the Lanham Act, 15 U.S.C. §1121, under 28 U.S.C. §1331, 1338(a), and 1338(b), and (ii) under the doctrines of pendant and supplemental jurisdiction.

7.    This Court has personal jurisdiction over ASI as its headquarters are located in this District and as ASI regularly solicits and conducts business in New York.

8.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) in that the Defendant is located in this district and a substantial part of the events giving rise to the claims occurred in this district.

### IV. PLAINTIFF'S EXCLUSIVE USE AND OWNERSHIP OF THE AQUASMART TRADEMARK

9.    Since at least 1991  Plaintiff Aquasmart has adopted and used the distinctive mark AQUASMART in connection with its business in Canada.  Since at least as early as July 1993, Plaintiff has been using the mark AQUASMART in commerce in the United States.  Aquasmart has obtained U.S. Registration No. 1,875,881 from the U.S. Patent and Trademark Office,  for the following stylized trademark for use with, *inter alia*, "water purifying units":



A copy of this registration is annexed as Exhibit A hereto.

10.    This registration is valid, subsisting, and is in full force and effect and is conclusive evidence of Plaintiff's ownership and exclusive right to use the mark in

- 3 -

15.    Defendant ASI is in no way affiliated with Aquasmart.

16.    On information and belief, Defendant began using trademarks using the mark and trade name "Aquasmart" well after Plaintiff began its use of its AQUASMART Marks. Defendant began such usage without regard to the rights Plaintiff had established in the AQUASMART Marks.  Upon information and belief, Defendant registered the Website www.aquasmartco.com in 2003.

17.    Defendant is not now, nor has it ever been, a licensee of the AQUASMART Marks.

18.    On information and belief, Defendant ASI offers water purification products and services that are related to the products offered by Plaintiff Aquasmart, to the same or related customers, and that are used for the same or related purposes.

## V.  DEFENDANT'S WRONGFUL ACTIONS

19.    On or about May 2, 2006, Plaintiff Aquasmart learned that ASI was using "AQUASMART" as a trademark for its water purifying units.  Plaintiff Aquasmart discovered such usage after receiving a misdirected communication from one of ASI's disgruntled customers, and after viewing Defendant's website www.aquasmartco.com.

20.    On May 2, 2006, Aquasmart, through its attorneys, sent Defendant a letter demanding that Defendant ASI halt such unauthorized usage.  A copy of that letter is annexed as Exhibit B hereto. The letter stated that Defendant's use of confusingly similar marks to the AQUASMART Marks infringed Plaintiff's rights.

21.    On August 8, 2006, ASI responded through its counsel and denied that the marks were similar. A copy of that letter is annexed as Exhibit C hereto.

- 5 -

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT
### In Violation of 15 U.S.C. § 1114 (Lanham Act § 32)

27.  Aquasmart realleges and incorporates by reference herein all of the allegations set forth in the foregoing paragraphs 1 through 26.

28.  This cause of action arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

29.  Defendant ASI's use in commerce of trademarks confusingly similar to Plaintiff's federally registered AQUASMART mark, in connection with Defendant's sale, offering for sale, distribution and advertising of its goods or services is likely to cause confusion, to cause mistake, or to deceive customers or potential customers, or other members of the consuming public.

30.  The aforesaid acts of Defendant have been willful and deliberate.

31.  As a result of such unauthorized use, ASI has infringed and threatens to continue to infringe, Aquasmart's rights under 15 U.S.C. § 1114.

32.  As a result of such infringements, Aquasmart has suffered and is likely to continue to suffer severe and irreparable injury as well as lost sales and impaired customers relations.

33.  Accordingly, Aquasmart is entitled to a preliminary and permanent injunction against Defendant ASI, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, disgorgement of profits, treble damages, and costs and attorney's fees.

## COUNT II

### FEDERAL FALSE DESIGNATION OF ORIGIN
### In Violation of 15 U.S.C. 1125(a) (Lanham Act § 43(a))

34.     Aquasmart realleges and incorporates by reference herein all of the allegations set forth in the foregoing paragraphs 1 through 33.

35.     Defendant's unauthorized use of the trademark AQUASMART in commercial advertising, promotion, and sale of water purification products and related goods and services, and in the domain name www.aquasmartco.com, misrepresents the nature, characteristics, and origin of Defendant's goods and services, and constitutes infringement of the AQUASMART Marks.

36.     The aforesaid acts of Defendant have been willful and deliberate.

37.     Such false and misleading representations are likely to confuse, mislead or deceive consumers as to the affiliation, connection and/or association of Plaintiff Aquasmart with Defendant ASI's products and services, in violation of 15 U.S.C. § 1125(a), Lanham Act Section 43(a).

38.     The aforesaid acts of the Defendant has injured Plaintiff Aquasmart in an amount to be determined at trial.

39.     Defendant's activities constitute false designation of origin, false or misleading descriptions, or false or misleading representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

- 8 -

40.    As a result of such infringements, Aquasmart has suffered and is likely to continue to suffer severe and irreparable injury as well as lost sales and impaired customers relations.

41.    Accordingly, Aquasmart is entitled to a preliminary and permanent injunction against Defendant ASI, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, disgorgement of profits, treble damages, and costs and attorney's fees.

## COUNT III

### FALSE ADVERTISING
### In Violation of New York General Business Law § 350

42.    Aquasmart realleges and incorporates by reference herein all of the allegations set forth in the foregoing paragraphs 1 through 41.

43.    Defendant's use in commercial advertising or promotions of the marks that are confusingly similar to the AQUASMART Marks misrepresents the nature, characteristics, qualities, and origin of Defendant's goods and services. Customers are likely to believe that Plaintiff Aquasmart is affiliated with Defendant's goods and services due to Defendant's use of the term "Aquasmart" to advertise and promote identical or similar goods and services as Plaintiff's goods and services.

44.    The aforesaid acts of Defendant have been willful and deliberate.

45.    The aforesaid acts of the Defendant has injured Plaintiff Aquasmart in an amount to be determined at trial.

- 9 -

46. Defendant's acts described above constitute false advertising in violation of New York General Business Law § 350.

## COUNT IV

### UNFAIR COMPETITION
### In Violation of New York General Business Law § 360-1

47. Aquasmart realleges and incorporates by reference herein all of the allegations set forth in the foregoing paragraphs 1 through 46.

48. The aforesaid acts of Defendant are likely to cause injury to Plaintiff's business reputation and result in Defendant unfairly competing with Plaintiff in violation of New York General Business Law § 360-1.

49. Defendant's acts are willful and deliberate, and unless restrained by this Court, will continue to cause irreparable damage, loss, and injury to Plaintiff.

50. The aforesaid acts of the Defendant have injured Plaintiff Aquasmart in an amount to be determined at trial.

51. Defendant's acts described above constitute unfair competition and injury to business reputation in violation of New York General Business Law § 360-1.

## COUNT V

### COMMON LAW UNFAIR COMPETITION AND INFRINGEMENT

52. Aquasmart realleges and incorporates by reference herein all of the allegations set forth in the foregoing paragraphs 1 through 51.

53.    Defendant's use of trademarks and a trade name that are substantially and confusingly similar to the AQUASMART Marks amounts to unfair competition and common law trademark infringement.   By such usage, Defendant is trading upon Plaintiff's goodwill and reputation and is misappropriating the benefits of substantial effort and money expended by Plaintiff in establishing its rights in the AQUASMART Marks and its goodwill and reputation.

54.    The aforesaid acts of Defendant are willful and deliberate.

55.    The aforesaid acts of Defendant have caused Plaintiff irreparable injury and unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss, and injury to Plaintiff.

56.    The aforesaid acts of Defendant have injured Plaintiff in an amount to be determined at trial.

57.    Defendant's acts described above constitute unfair competition and common law trademark infringement in violation of New York common law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Aquasmart requests the following relief against Defendant ASI:

1.    That Defendant, and each of its officers, directors, agents, employees, affiliates, and representatives, and anyone acting in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained from:

- 11 -

(a) using on or in connection with any water purification, water conservation, water filtration, or related business, including in any domain names, the term "Aquasmart" or any term or designation that is confusingly similar thereto;

(b) representing by any means whatsoever, directly or indirectly, or doing any other acts calculated or likely to cause confusion, mistake, or to deceive consumers into believing that Defendant's services and any related goods are the goods or services of Plaintiff, or that there is any affiliation between Plaintiff or Plaintiff's goods and services and Defendant or Defendant's goods and services, and from otherwise unfairly competing with Plaintiff;

2.    That Defendant be required to transfer the domain "www.aquasmartco.com" to Plaintiff;

3.    That Plaintiff recover its damages sustained as a result of Defendant's trademark infringement, false advertising, false designation of origin, and unfair competition, together with an accounting of Defendant's profits arising from such activities, and that the Court exercise its discretion and enter a judgment for such additional sums as the Court shall find to be just, according to the egregious nature of the acts of Defendant.

4.    That Plaintiff recover treble damages under 15 U.S.C. § 1117 and New York General Business Law § 360(m) by reason of the willful and deliberate acts of federal and common law trademark infringement and unfair competition by Defendant;

5.    That Plaintiff recover treble damages under New York General Business Law §§349(h) and 350(d) by reason of Defendant's acts of deceptive trade practices;

6.    That Plaintiff recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117

and New York General Business Law §§349(h), 350(d), and 360(m);

7.    An order requiring all materials and goods bearing an infringing mark to be delivered to the Court or upon the Court's order to Plaintiff, for impoundment and destruction;

8.    Such other, different and additional relief as the Court deems just and proper.

Dated:  New York, New York
        February 21, 2008

                            Respectfully submitted,

                            PATTON BOGGS LLP
                            Daniel R. Murdock DM-1498
                            1185 Avenue of the Americas, 30th Floor
                            New York, NY 10036
                            Main Phone: (646) 557-5100
                            Main Fax: (646) 557-5101

                            *Attorney for Plaintiff*
                            *Aquasmart Technologies, Inc.*

- 13 -

4937900

# EXHIBIT A

# "AQUASMART" FEDERAL REGISTRATION

## U.S. Reg. No. 1,875,881

Trademark Electronic Search System (TESS)                                                Page 1 of 2

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Jan 30 04:08:49 EST 2008*



[Logout] Please logout when you are done to release system resources allocated for you.

[Start] List At:            OR [Jump] to record:        **Record 6 out of 6**

( *Use the "Back" button of the Internet Browser to return to TESS* )



| | |
|---|---|
| **Word Mark** | **AQUASMART** |
| **Goods and Services** | IC 011. US 013 031. G & S: water conserving plumbing fixtures and equipment; namely, shower heads, aerators, swivel shower spraying heads, water purifying units, shower massagers, shower extension hoses, shower extension hoses and heads, and faucet extension hoses. FIRST USE: 19910801. FIRST USE IN COMMERCE: 19930729 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 01.15.18 - More than one drop including teardrops or raindrops; multiple drops (rain, tear, etc.); Raindrops (more than a single drop); Teardrops (more than a single drop) |
| **Serial Number** | 74263694 |
| **Filing Date** | April 8, 1992 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | November 23, 1993 |
| **Registration Number** | 1875881 |
| **Registration Date** | January 24, 1995 |
| **Owner** | (REGISTRANT) Emily Testa Marketing Ltd. CORPORATION CANADA 3014 Beta Avenue Burnaby, British Columbia CANADA V5G 4K4 |

(LAST LISTED OWNER) AQUASMART TECHNOLOGIES INC. CORPORATION BY CHANGE OF NAME BRITISH COLUMBIA 3122 BETA AVENUE BURNABY, B.C. CANADA V5G 4K4

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | BRUCE GREEN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20050301. |
| **Renewal** | 1ST RENEWAL 20050301 |
| **Live/Dead Indicator** | LIVE |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Latest Status Info

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2008-02-09 15:44:43 ET

**Serial Number:** 74263694 Assignment Information        Trademark Document Retrieval

**Registration Number:** 1875881

**Mark**



**(words only):** AQUASMART

**Standard Character claim:** No

**Current Status:** This registration has been renewed.

**Date of Status:** 2005-03-01

**Filing Date:** 1992-04-08

**Transformed into a National Application:** No

**Registration Date:** 1995-01-24

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 7

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 834 -Post Registration

**Date In Location:** 2005-03-01

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. AQUASMART TECHNOLOGIES INC.

**Address:**
AQUASMART TECHNOLOGIES INC.
3122 BETA AVENUE
BURNABY, B.C. VG5 4K4
Canada
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** British Columbia

## GOODS AND/OR SERVICES

**International Class:** 011
**Class Status:** Active
water conserving plumbing fixtures and equipment; namely, shower heads, aerators, swivel shower-spraying heads, water purifying units, shower massagers, shower extension hoses, shower extension hoses and heads, and faucet extension hoses
**Basis:** 1(a)
**First Use Date:** 1991-08-01
**First Use in Commerce Date:** 1993-07-29

## ADDITIONAL INFORMATION

**Design Search Code(s):**
**01.15.18** - More than one drop including teardrops or raindrops; Raindrops (more than a single drop); Teardrops (more than a single drop); multiple drops (rain, tear, etc.)

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2005-03-01 - First renewal 10 year

Latest Status Info

2005-03-01 - Section 8 (10-year) accepted/ Section 9 granted

2005-01-23 - Combined Section 8 (10-year)/Section 9 filed

2005-01-23 - TEAS Section 8 & 9 Received

2001-04-18 - Section 8 (6-year) accepted & Section 15 acknowledged

2001-01-17 - Section 8 (6-year) and Section 15 Filed

1995-01-24 - Registered - Principal Register

1994-10-11 - Allowed for Registration - Principal Register (SOU accepted)

1994-09-19 - Statement of use processing complete

1994-08-05 - Amendment to Use filed

1994-02-15 - Notice of allowance - mailed

1993-11-23 - Published for opposition

1993-10-22 - Notice of publication

1993-08-23 - Approved for Pub - Principal Register (Initial exam)

1993-07-26 - Communication received from applicant

1993-06-21 - Inquiry as to suspension mailed

1992-09-04 - Letter of suspension mailed

1992-08-03 - Communication received from applicant

1992-07-14 - Non-final action mailed

1992-06-22 - Assigned To Examiner

---

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
BRUCE GREEN

**Correspondent**
BRUCE GREEN
OYEN WIGGS GREEN & MUTALA

STE 480
6014 WEST CORDOVA STREET
VANCOUVER BC , CANADA V6B 1G1

**Domestic Representative**
BARRY E BRETSCHNEIDER

# EXHIBIT B

## AQUASMART'S FIRST
## CEASE AND DESIST LETTER

### MAY 2, 2006

81/31/2008  12:58    6042940710              AQUASMART TECH                     PAGE  02

# OYEN WIGGS GREEN & MUTALA LLP
## INTELLECTUAL PROPERTY LAWYERS

Registered Patent & Trademark Agents

480—The Station, 601 West Cordova Street
Vancouver, British Columbia, Canada V6B 1G1
Tel: 604.669.3432
Fax: 604.681.4081
www.patentable.com
mail@patentable.com

Gerald O. S. Oyen*
Bruce M. Green *
David J. McGruder *
Gavin N. Manning *
Hitesh W. C. Soo
Richard A. Johnson *
Mark A. Hopkinson

Blake R. Wiggs *
Catharine D. Mutala *
Thomas W. Bailey *
George F. Kondor *
Craig A. Ash
Todd A. Rattray
David H. Takagawa

* Law Corporation

2 May 2006

Aqua Smart Co.
106 Purdy Avenue
Port Chester, New York
10573-4624

By email

Dear Sir/ Madam:

Re:    Infringement of United States Trademark Registration no. 1875881
       Trademark: AQUASMART
       Registrant: Aquasmart Technologies Inc.
       Our File A279.0025

We act for Aquasmart Technologies Inc., the owner of the trademark AQUASMART for water conserving plumbing fixtures and equipment, including water purifying units.  Our client has widely used the trademark AQUASMART in the United States since 1993 and it was registered in 1995.  A copy of the registration is enclosed.

It has come to our client's attention, as a result of a misdirected contact by one of your company's disgruntled customers, that your company is using the trademark AQUA SMART in the United States for water purifiers and water coolers.  Such use constitutes infringement of our client's registered trademark.  Our client is entitled to injunctive relief, damages and legal costs as a result of such infringement.  Our client takes its trademark rights very seriously and will take whatever legal steps are necessary to protect them.  Our client therefore demands that you immediately cease and desist from any use of the trademark AQUA SMART in association with water purifiers, water coolers and related products.  Provided your company is cooperative, we will encourage our client to provide a reasonable change-over period.

However, in the absence of your favourable reply within 7 days of receipt of this letter, we will seek instructions from our client as to the further legal steps it will take, without further notice to you.

Yours truly,

Bruce M. Green
BMG/bmg
cc:client

01/31/2008  12:58   6042940710              AQUASMART TECH                    PAGE  03

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | BRUCE GREEN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20050301. |
| **Renewal** | 1ST RENEWAL 20050301 |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| HOME | SITE INDEX| SEARCH | eBUSINESS.| HELP |PRIVACY POLICY

01/31/2008  12:58    6042948710                    AQUASMART TECH                    PAGE  04

Trademark Electronic Search System (TESS)                              Page 1 of 2

 **United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System(Tess)

TESS was last updated on Tue May 2 08:29:13 EDT 2006



[ Logout ] Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

(Use the "Back" button of the Internet Browser to return to TESS)



| | |
|---|---|
| Word Mark | AQUASMART |
| Goods and Services | IC 011. US 013 031. G & S: water conserving plumbing fixtures and equipment; namely, shower heads, aerators, swivel shower-spraying heads, water purifying units, shower massagers, shower extension hoses, shower extension hoses and heads, and faucet extension hoses. FIRST USE: 19910801. FIRST USE IN COMMERCE: 19930729 |
| Mark Drawing Code | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| Design Search Code | 01.15.08 - Drops (rain, tear, etc.); Raindrops; Teardrops |
| Serial Number | 74263694 |
| Filing Date | April 8, 1992 |
| Current Filing Basis | 1A |
| Original Filing Basis | 1B |
| Published for Opposition | November 23, 1993 |
| Registration Number | 1875881 |
| Registration Date | January 24, 1995 |
| Owner | (REGISTRANT) Emily Testa Marketing Ltd. CORPORATION CANADA 3014 Beta Avenue Burnaby, British Columbia CANADA V5G 4K4 |
| | (LAST LISTED OWNER) AQUASMART TECHNOLOGIES INC. CORPORATION BY CHANGE OF NAME BRITISH COLUMBIA 3122 BETA AVENUE BURNABY, B.C. CANADA VG5 4K4 |

http://tess2.uspto.gov/bin/showfield?f=doc&state=sovlgd.2.1                    5/2/2006

# EXHIBIT C

# DEFENDANT'S RESPONSE TO CEASE AND DESIST LETTER

**August 8, 2006**

01/31/2008  12:58   5042940718                AQUASMART TECH                PAGE  12

Aug 08 06 04:38p     Rozan & Nilson, LLP         (212)687-1118              p.1

# ROZAN & NILSON, LLP

### ATTORNEYS AT LAW

420 LEXINGTON AVENUE
SUITE 650
NEW YORK, NY 10170
PHONE: (212) 687-1135
FACSIMILE: (212) 687-1118
WWW.ROZANNILSON.COM.

DEBORAH ANN NILSON
EMAIL: DNILSON@ROZANNILSON.COM

August 8, 2006

Oyen Wiggs Green & Mutala, LLP
480 – The Station
601 West Cordova Street
Vancouver, British Columbia, Canada
Attn: Bruce M. Green

Dear Mr. Green:

I am writing to you on behalf of my client, AquaSmart, Inc.

My client installs and leases its products for drinking water purification to small businesses for office use, while your client's products seem to be sold for residential use, in connection with showers. In addition, your client uses the mark in a distinctive stylized fashion, while my client's mark is far less stylized. Furthermore, my client capitalizes the word "Smart" to make the mark appear as two words.

We believe that the differences in channels of trade and usage, and in the actual marks themselves, would prevent the likelihood of confusion. Nonetheless, if your client is concerned that my client will expand beyond the type of product it sells now, my client would be willing to sign an agreement restricting its expansion of products sold under this mark to its current market.

I look forward to hearing from you at your earliest convenience.

Please note that I will be out of the office August 11 - 27 for vacation, but will be happy to discuss this further with you upon my return.

Sincerely,

Deborah A. Nilson

# EXHIBIT D

# PLAINTIFF'S CORRESPONDENCE TO DEFENDANT'S COUNSEL

**August 9, 2006**

01/31/2008  12:59   6042948710           AQUASMART TECH.              PAGE  13
08/09/06  16:33 FAX 604 681 4051       OYEN WIGGS ET AL                  @001/001

# OYEN WIGGS GREEN & MUTALA LLP
### INTELLECTUAL PROPERTY LAWYERS

Registered Patent & Trademark Agents

480—The Station, 601 West Cordova Street
Vancouver, British Columbia, Canada V6B 1G1
Tel: 604.669.3432
Fax: 604.681.4081
www.patentable.com
mail@patentable.com

Gerald O. S. Oyen*          Blake E. Wiggs*
Bruce M. Green*             Catherine D. Mutala*
David J. McGruder*          Thomas W. Bailey*
Gavin N. Manning *          George K. Kasfior
Hilton W. C. Sue            Craig A. Ash
Richard A. Johnson          Todd A. Keltney
David H. Takagawa           Kimberly L. Lu

* Law Corporation

**COPY**

9 August, 2006

*By Fax 212 687-1118*

Deborah A. Nilson, Esq.
Rozsa & Nilson, LLP
420 Lexington Avenue
Suite 850
New York, NY 10170
U.S.A.

Dear Ms. Nilson:

Re:     Infringement of United States Trademark Reg. No. 1875881
        Trademark:   AQUASMART
        Registrant:  Aquasmart Technologies Inc.
        Our File:    A279 0025

Thank you for your letter of August 8, 2006. There is no question that your client's use of the Aquasmart name is confusing with our client's trademark and is therefore infringing. Our client, as I set out in my letter of May 2, 2006, has already received misdirected contacts by your client's disgruntled customers. That is how your client came to our client's attention. Our client's registration is not restricted to residential use. Many of our client's customers are small businesses as well as wholesale and retail businesses. The marks both sound identically when spoken, hence confusion over the telephone.

Our client has already given me instructions to commence an infringement action. Given that you will be out of the office starting Friday, as a courtesy I will defer commencing the litigation until your return in the event that your client has given you other instructions by that time.

Yours truly,


Bruce M. Green
BMG/cnr

bcc:    Ms. Emily Testa
        Aquasmart Technologies Inc.
        *By Fax 604 294-0710*